UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

GEORGE KEVIN QUINN                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 4:12CV-P135-M

CENTRAL INTELLIGENCE AGENCY et al.                                  DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, George Kevin Quinn, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is incarcerated at the Daviess County Detention Center (DCDC). He sues the Central Intelligence Agency; FBI; Kentucky State Police; Owensboro Police Department; "DCSD"; Judges Lisa Jones, David Payne, Tyler Gills, and Henry "Mac" Griffin; bailiff Kenny Riley; prosecutors Bruce Kuegal and Mike Vanmeter; "FBI agent"; court clerk Susan Tierney; Pastor of World Changers Ministry "Crefld Dollar"; Fr. Vaughn at Saint Stephen's Church; Saint Benedict's Homeless Shelter; DCDC Jailer David Osborne; Public Advocacy Department defense attorney Alex Degrand; Hells Angels; and DCDC guards Bill Billings and Ken Ehlscide.

Plaintiff's complaint is lengthy, rambling and often incoherent. He refers to himself as having been kidnapped apparently because he was not released from custody after 60 days or after Judge Gills found that Plaintiff had violated his probation. He accuses his attorney Defendant Degrand of working for the prosecution and continuing to represent him even after Plaintiff fired him and of being ineffective in not collecting evidence. He accuses Defendant

Osborne of assaulting and kidnapping him "when I told him he ran the jail like a concentration camp" and of "torturing" him by keeping him on lockdown 23 hours a day.  He states that the Jail does not "attend" to medical treatment and that it stole $267 by not applying that money towards his bond.  He asserts "corruption is rampant in Daviess County.  Majority of officials are worse then child molesters.  Please enter martial law!"   He accuses Judge Jones, Bailiff Riley, and Deputy Lowe of falsifying a police report.  He alleges that, when Plaintiff told the court he was going to run for jailer, Judge David Payne restricted his freedom of speech in court, set an excessive bond, and called him a racist.  He asserts that Daviess County bailiffs have run him out of the judicial center where Plaintiff was not allowed to use the law library or sit in on the court hearings of his friends.  He asserts that Deputy Carl Brown assaulted him and physically removed him from Judge Jones's courtroom.

Plaintiff expresses anger at a revival minister, Mr. Dollar, who did not call President Obama on his behalf regarding his son's kidnapping and against the Hell's Angels for not helping him to free his son.  He alleges that, while housed at the Saint Benedict's homeless shelter, a supervisor named Tammy told him to go inside while he was outside making a sign regarding his son's kidnapping "and nodded to one of the residents who started picking up [his] equipment."  Plaintiff asserts that about half-an-hour after Plaintiff told the other resident that "if he ever touched [Plaintiff] or [his] property ever again [Plaintiff] would take him down the alley and teach him some manners" the police came and told Plaintiff he had to leave.

Plaintiff also attaches a list of things he says that his son has been deprived of by the United States, such as guitar lessons, piano lessons, and art class.  The next page is entitled "Quinn's Ten Commandments" and contains bizarre requests such as releasing Charles Manson

into his custody and giving Plaintiff the right to grow corn on the moon.  The complaint continues for some pages making completely incomprehensible arguments related to the Bible, the extinction of the dinosaurs, and various other topics.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Claims related to his on-going state-court criminal case*

To the extent that Plaintiff is asserting complaints about an on-going state criminal case, "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury."

3

*Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).  "*Younger* abstention in civil cases requires the satisfaction of three elements.  Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims."  *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

It appears that Plaintiff has a pending criminal case, over which the state has an important interest in adjudicating.  In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere with an on-going Kentucky state-court proceeding.  Therefore, all claims related to his state-court criminal case including his claims against the court clerk and the prosecutors will be dismissed.

**Claims against FBI, OPD, Kentucky State Police, and D.C.S.D.**

Plaintiff alleges that in 2012,

> F.B.I., O.P.D., K.S.P., and D.C.S.D. were guilty of refusing to investigate crimes of abusing a mentally ill person one or more times in the Plaintiff's defense as being kidnapped, son being kidnapped, Plaintiff's daughter's car being stole by Antonio Divayi and Morton Holbrook Judicial workers, abuse of Daviess County baliffs, judges, and assault by Daviess County Jailer and ineffective counsel by Department of Public Advocacy.

"The failure to conduct a full and fair investigation and prosecution of an alleged crime does not state a claim unless there is a violation of another recognized constitutional right." *Smallwood v. McDonald*, No. 86-5522, 1986 WL 18183, at *1 (6th Cir. 1986) (citing *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam)).  Plaintiff does not so allege, and the claims against these Defendants must be dismissed.

4

### Claims against his defense attorney

Plaintiff does not state a claim against his attorney, Defendant Degrand, under 42 U.S.C. § 1983, the statutory provision under which alleged constitutional violations must be brought. *See Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) (holding that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government), *vacated on other grounds*, 488 U.S. 1036 (1989).   It is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff fails to state a claim against this Defendant.

### Claims against judges

Plaintiff sues state-court judges Jones, Payne, Gills, and Griffin.  However, a judge performing judicial functions is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam).  Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith. *Id.* at 11.  Because Plaintiff complains only about conduct that comprises the very core of a judge's official duties, the Court concludes that absolute judicial immunity bars the claims for monetary damages against these Defendants. *See id.* at 9.

Plaintiff also sues these judges in their official capacity.  The official-capacity claims

5

brought against a state-court judge are deemed claims against the Commonwealth of Kentucky itself.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law.  *See* § 1983.  States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, Plaintiff's claims for money damages from a state-court judge in his or her official capacity fail to allege cognizable claims under § 1983.

### *Claim related to lockdown*

Plaintiff alleges that Defendant Osborne assaulted and kidnapped him "when I told him he ran the jail like a concentration camp" and that he is currently "torturing" him by keeping him on lockdown 23 hours a day.  The Eighth Amendment to the Constitution protects against cruel and unusual punishment.  However, merely being placed in administrative lockdown, even for 23 hours a day, does not rise to the level of a constitutional violation.  *See Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (prisoner's confinement to his cell for 23 hours per day, Monday through Friday, did not violate the Eighth Amendment); *Parker v. Donnellon*, No. 11-12198, 2011 WL 3163524, at *3 (E.D. Mich. July 27, 2011) (finding that plaintiff who simply pleaded that he was placed in lockdown "failed to plead the sort of conditions that give rise to a violation of the Eighth Amendment.").  Plaintiff fails to state a claim regarding being in lockdown.

### *Claim related to lost money*

Plaintiff alleges that the jail stole $267 by not applying that money towards his bond.

6

This is not a constitutional claim.  However, even had Plaintiff claimed an unauthorized, intentional deprivation of property in violation of the Due Process Clause, he would first have to show that state post-deprivation remedies are inadequate.  *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984); *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995).  Kentucky has adequate post-deprivation remedies for the confiscation or destruction of property, such as a tort action for conversion against individual defendants.  *See Wagner v. Higgins*, 754 F.2d 186, 192 (6th Cir. 1985).  Consequently, Plaintiff's claims related to his lost money must be dismissed.

### Claims against Defendants Billings and Ehlscide

Plaintiff alleges that Defendants Billings and Ehlscide are "guilty of abusing a mentally ill person for not reporting and aiding in this abuse by destroying several grievances asking for help from this punk coward!"  If a prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right.  *Martin v. Crall*, No. No. 3:05 CV P399 H, 2006 WL 515530, at *8 (W.D. Ky. Feb 27, 2006); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986); *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Consequently, Plaintiff has failed to state a claim against these Defendants.

### Medical treatment claims

With regard to medical treatment, Plaintiff simply alleges that the jail does not "attend" to medical treatment.  Attached to his complaint are copies of several miscellaneous request forms, two of which pertain to medical requests.  The first states, "My ear is hurting so bad I can't sleep and the pain is making me want to scream.  I need to see sargent immediately."  The response was, "[S]ick call request received 9/26/12.  You are on the list to be seen."  The second states, "I've been on medical waiting list for over a week.  I need to be seen on pain in my

shoulder where you assaulted me and I believe where a brown recluse spider bit me in my ear. Pus won't stop coming out and I've been hurting for over a week." The response was, "I have notified the medical co. of your complaints."

Plaintiff does not allege that after submitting the medical requests slips and being told that he was on the list to be seen that he did not see medical personnel. Moreover, Plaintiff does not name as a defendant any medical personnel at DCDC. He does name the DCDC Jailer as a Defendant. However, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Respondeat superior[1] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Thus, Defendant Osborne's position as Jailer does not automatically make him liable for the actions/inactions of his subordinates. *See, e.g.*, *Brown v. Green*, No. 97-1117, 1997 WL 777979, at *2 (6th Cir. Dec. 12, 1997) ("Defendant Green, being sued in her official capacity as the Medical Director of the Michigan Department of Corrections, cannot be held liable for an alleged constitutional violation, because the doctrine of respondeat superior does

---

[1]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

8

not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Farrow v. West*, 320 F.3d 1235, 1238 n.1 (11th Cir. 2003) (holding that the regional director of prison medical services was not liable for actions of subordinate medical staff).  Plaintiff's claims relating to medical treatment will be dismissed.

***Claims related to treatment by bailiffs and deputy***

Plaintiff alleges that "Daviess County baliffs in 2011-2012 on several occassions have ran me out of the Morton Holbrook Judicial Center where I couldn't use law library or sit in on court hearings of a lot of my friends."  The only state-court bailiff named as a Defendant is Kenny Riley, and he is sued in both his individual and official capacities.

"A bailiff or an officer acting in that capacity enjoys absolute quasi-judicial immunity for actions 'specifically ordered by the trial judge and related to the judicial function.'"  *Riley v. Hall*, No. 3-10-0598, 2011 WL 1328864 at *5 (M.D. Tenn. Apr. 5, 2011) (quoting *Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir. 1997)).  Thus, if the bailiffs were acting pursuant to a judge's order, they are immune from suit.

If the bailiffs were performing discretionary functions they have qualified immunity shielding them from civil liability if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Before reaching a qualified immunity issue, a court should determine whether there has been a constitutional violation at all.  *Silver v. Franklin Township Bd. of Zoning Appeals*, 966 F.2d 1031, 1035 (6th Cir. 1992) (citing *Siegert v. Gilley*, 500 U.S. 226 (1991)).  Here, it does not appear from the complaint that there has been a constitutional violation.  Plaintiff does not explain what he means when he alleges that bailiffs "ran me out of

9

the Morton Holbrook Judicial Center."  Plaintiff does not allege that the bailiffs were acting

outside of a judge's order or that he was not disturbing the peace or otherwise disrupting the law

library or courtroom proceedings when he was "run out" of the Morton Holbrook Judicial

Center, a pertinent question given the allegations elsewhere in his complaint concerning his

outburst outside a courtroom in which he used a racial epithet.  Plaintiff does not allege that

force, much less excessive force was used against him.  Moreover, he does not allege that Riley,

the only Defendant who is a bailiff, was one of the bailiffs involved in these allegations.  Finally,

"[t]he courtroom is a nonpublic forum, where the First Amendment rights of everyone . . . are at

their constitutional nadir."  *Mezibov v. Allen*, 411 F.3d 712, 718 (6th Cir. 2005).  For these

reasons, the Court finds that Plaintiff fails to state a claim regarding being "run out" of the

Judicial Center.

       Plaintiff also asserts that Deputy Carl Brown assaulted him and physically removed him

from Judge Jones's courtroom.  Deputy Brown is not a named Defendant.

***Claims against non-state actors***

       Plaintiff's claims against the revival minister Mr. Dollar, the Hells Angels, Fr. Vaughn,

and Saint Benedict's Homeless Shelter all fail to state a claim because none of those parties are

state actors.  The Constitution does not apply to the conduct of private persons; it applies to

conduct by the government.  Conduct of private parties "lies beyond the Constitution's scope in

most instances,  . . . [though] governmental authority may dominate an activity to such an

extent that its participants must be deemed to act with the authority of the government and, as a

result, be subject to constitutional constraints."  *Edmonson v. Leesville Concrete Co., Inc.*, 500

U.S. 614, 620 (1991).  A private citizen is not liable for an alleged constitutional violation

10

unless: (1) "the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority"; and (2) "the private party charged with the deprivation could be described in all fairness as a state actor." *Id.*

Nothing in Plaintiff's complaint or attachments thereto show that these Defendants are state actors, *i.e.*, acted under color of state law. The claims against them will be dismissed.

### Claims against CIA

The complaint contains no allegations against the CIA, although as part of his relief he does ask for a part-time job at the CIA so that Plaintiff "can end terrorism forever." When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### Remainder of complaint

The remainder of Plaintiff's claims relating to the list of things he wants for his son, such as guitar lessons, "Quinn's Ten Commandments," and references to the Bible, the dinosaurs' extinction, *et cetera* must be dismissed.

An action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328). Here, the remainder of the claims are "completely incomprehensible and contain[] no legal theory upon which a valid federal claim may rest" and, to the extent they may be deciphered, are "delusional"; dismissal is appropriate. *Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958-59 (6th

11

Cir. 2004).

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will by separate Order dismiss the complaint.

Date:     February 15, 2013

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
4414.009